MATTHEW A. LESNICK (SBN 177594)
   matt@lesnickprince.com
LISA R. PATEL (SBN 341574)
   lpatel@lesnickprince.com
LESNICK PRINCE PAPPAS & ALVERSON LLP
315 W. Ninth Street, Suite 705
Los Angeles, CA  90015
Telephone:  (213) 493-6496
Facsimile:   (213) 493-6596

Counsel for Defendants Shlomo Y. Rechnitz and
Yisroel Zev Rechnitz

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>                    Debtor.<br><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>                    Plaintiff,<br>v.<br><br>LIFE CAPITAL GROUP, LLC, a limited liability company, SHLOMO Y. RECHNITZ, individually and as a member of LIFE CAPITAL GROUP, LLC, YISROEL ZEV RECHNITZ, an individual, CHAIM MANELA, an individual, JONATHAN POLTER, an individual and as a manager of LIFE CAPITAL GROUP, and SECURITY LIFE OF DENVER LIFE INSURANCE COMPANY,<br><br>                    Defendants. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>Adv. No. 2:25-ap-01020-NB<br><br>**DEFENDANTS SHLOMO Y. RECHNITZ AND YISROEL ZEV RECHNITZ'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION BEFORE THE RABBINICAL COUNCIL OF CALIFORNIA AND FOR A STAY; JOINDER IN DEFENDANTS LIFE CAPITAL GROUP, LLC AND JONATHAN POLTER'S MOTION TO COMPEL ARBITRATION AND FOR A STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing:<br>Date:   May 6, 2025<br>Time:  1:00 p.m.<br>Place:  Courtroom 1545<br>           255 E. Temple St.<br>           Los Angeles, CA 90012 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants Shlomo Y. Rechnitz ("Shlomo") and Yisroel Zev Rechnitz ("Steve" and, together with Shlomo, "Defendants") will and hereby do move to compel arbitration and for a stay of the present adversary proceeding (the "Motion"), and also join the Motion to Compel Arbitration Before the Rabbinical Council of California and for a Stay filed by Defendants Life Capital Group, LLC ("LCG") and Jonathan Polter [Adv. Dkt. No. 26] (the "LCG Motion"), scheduled to be heard on May 6, 2025 at 1:00 p.m. or as soon thereafter as the matter may be heard before the Honorable Neil W. Bason, United States Bankruptcy Judge for the Central District of California, Los Angeles Division, in Courtroom 1545, located at 255 E. Temple Street, Los Angeles, California 90012. Defendants hereby seek an order: (1) compelling arbitration before the Rabbinical Council of California of all claims against Defendants alleged in the Trustee's Complaint in this adversary proceeding; and (2) staying this adversary proceeding pending completion of the arbitration proceedings.

The Motion is based on the same reasons articulated in the LCG Motion and supporting papers, which are incorporated by reference into this Motion as though fully set forth herein, namely that two valid and enforceable written agreements to arbitrate exist that govern each of the Trustee's claims for relief, requiring arbitration of those claims. In addition, as detailed in this Motion, Steve is entitled to enforce these arbitration agreements against the Trustee even though Steve is a nonsignatory because the Trustee's claims are intimately founded in and intertwined with the underlying agreements signed by the Debtor and because the Trustee must rely upon these agreements in order to make his claims.

Defendants do not consent to the jurisdiction of the Bankruptcy Court or to the entry of final orders or judgments by the Bankruptcy Court, and the filing of this Motion shall not be deemed to be consent to jurisdiction or a waiver of any of Defendants' rights. Further, in the event that the Motion is denied, in whole or in part, Defendants specifically reserve and demand their right to a trial by jury of all claims in this adversary proceeding.

Main Document    Page 3 of 8

1. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the LCG Motion, the Declaration of Jonathan Polter and Request for Judicial Notice in support of the LCG Motion and all exhibits thereto, all papers and pleadings filed in this action, the oral argument of counsel at the hearing, and such other evidence as may be presented in connection with the hearing on the Motion and LCG Motion.

PLEASE TAKE FURTHER NOTICE that, pursuant to a <u>separately filed stipulation between the Trustee and Defendants Life Capital Group, LLC and Jonathan Polter, the date for the Trustee to file any opposition the Motion is on or before April 8, 2025</u>. Pursuant to Local Bankruptcy Rule 9013-1(f), any opposition to the Motion must be filed with the clerk of the Court and served upon the Office of the United States Trustee, as well as counsel to the moving parties, whose contact information appears in the top left corner of the first page of this Notice.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file an opposition to the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Wherefore, Defendants respectfully request that the Court enter an order: (1) compelling arbitration before the Rabbinical Council of California of all claims against Defendants alleged in the Trustee's Complaint; (2) staying this adversary proceeding pending completion of the arbitration proceedings; and (3) for such further relief as the Court deems just and proper.

DATED: March 10, 2025                LESNICK PRINCE PAPPAS & ALVERSON LLP

By: /s/Matthew A. Lesnick
    Matthew A. Lesnick
    Counsel for Defendants Shlomo Y.
    Rechnitz and Yisroel Zev Rechnitz

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Shlomo Y. Rechnitz ("Shlomo") and Yisroel Zev Rechnitz ("Steve" and, together with Shlomo, "Defendants") seek to compel arbitration before the Rabbinical Council of California of all claims against Defendants alleged in the Trustee's Complaint in this adversary proceeding, and (2) staying this adversary proceeding pending completion of the arbitration proceedings.

## I. ARGUMENT

### A. Defendants Adopt, Incorporate by Reference, and Join in the Arguments and Evidence Set Forth in the LCG Motion

Defendants adopt, incorporate by reference as though fully set forth herein, and join in all the evidence and argument presented in the LCG Motion.[1] All of the evidence and arguments in the LCG Motion apply equally to Shlomo. The reasons that the claim against Steve and the preference claim against Shlomo also should be arbitrated are set forth below.

### B. The Trustee's Claims Against Steve and the Trustee's Preference Claim Against Shlomo Rely Should be Arbitrated Because They Rely on the Terms of the Operating Agreement and Settlement Agreement

The Trustee's claims against Steve and the Trustee's preference claim against Shlomo also should be arbitrated along with the Trustee's other claims against Shlomo, LCG and Polter. Although Steve is not a signatory to the LLC Agreement[2] or the Settlement Agreement, as explained below, the claims against him depend on the LLC Agreement and the Settlement Agreement and are intertwined with the claims against Shlomo, LCG and Polter. The Trustee would not be able to assert preference claims against Steve or Shlomo

---

[1] In common parlance, this Motion is, in part, a "Joinder" in the LCG Motion. However, a motion to compel arbitration is a more appropriate response to a complaint under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. In order to reduce the burden on the Court and other parties, and because this Motion will be heard concurrently with the LCG Motion, Defendants do not repeat all the evidence and argument from the LCG Motion in this pleading and instead incorporate them by reference.

[2] Any capitalized terms not defined in this Motion will have the meanings assigned to them in the LCG Motion.

if not for the existence of the LLC Agreement and the Settlement Agreement. The reason is that the Trustee is alleging that payments that were made to Steve and Shlomo *by LCG* – not by the Debtor – were preferential. The Trustee specifically relies on the language of the Settlement Agreement to support his allegations that payments from LCG, a non-debtor entity, were preferential. [*See* Compl. ¶ 50-55.] In particular, the Trustee alleges that it is the Settlement Agreement that explains why money that should have been paid to the Debtor was instead paid to Shlomo and Steve, among others. [*See id*. ¶ 52 ("Instead, the $3,697,816.71 proceeds payable to the Debtor under the LCG Settlement Agreement were allegedly distributed as follows: … (c) $500,000 by check to Rechnitz [Shlomo] on account of a debt. (d) $350,000 to Yisroel on account of a debt….")] Thus, the Settlement Agreement is an integral element of the Trustee's preference claims against Shlomo and Steve. Without the Settlement Agreement, the Trustee cannot allege that the transfers by LCG were transfers "of an interest of the debtor in property," as required by Bankruptcy Code § 547(b).

For this reason, the arbitration clauses contained in the Settlement Agreement and the LCG Agreement are enforceable by Steve, a nonsignatory to the agreements, and by Shlomo with respect to the preference claim, under the doctrine of equitable estoppel. "[T]he Ninth Circuit has recognized that under principles of equitable estoppel a non-signatory may compel a signatory to an arbitrate." *In re Apple & AT & TM Antitrust Litig.*, 826 F. Supp. 2d 1168, 1176 (N.D. Cal. 2011) (citing *Mundi v. Union Sec. Life Ins. Co.,* 555 F.3d 1042, 1045-46 (9th Cir. 2009)). "Under the doctrine of equitable estoppel, a party may be precluded 'from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.'" *Id*.; *see also Metalclad Corp. v. Ventana Env't Organizational P'ship*, 109 Cal. App. 4th 1705, 1713 (2003) (quoting *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 417-418 (4th Cir. 2000)) ("Equitable estoppel precludes a party from asserting rights 'he otherwise would have had against another' when his own conduct renders assertion of those rights contrary to equity.")

As stated in *In re Apple & AT & TM Antitrust Litig.*:

> Courts, including this one, have identified two strands of the equitable estoppel doctrine that support a non-signatory's right to compel a signatory to arbitrate a claim being made against the non-signatory. First, equitable estoppel applies "where the 'signatory to a written agreement containing an arbitration clause *must rely* on the terms of the written agreement in asserting its claims against the [non-signatory].'" Second, equitable estoppel is appropriate where "the issues the [non-signatory] is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed."

*In re Apple & AT & TM Antitrust Litig.*, 826 F. Supp. 2d 1168, 1176 (N.D. Cal. 2011). Both of those independent strands apply here.

First, as explained above, the Trustee "*must rely*" on the terms of the written Settlement Agreement to assert his preference claims against Defendants.

Second, the issues to be resolved "are intertwined with the [Settlement] agreement that the estopped party has signed."

*Metalclad* also is instructive. In that case, Metalclad entered into an oral agreement to sell its subsidiary to Ventana. *Metalclad*, 109 Cal. App. 4th at 1709. Metalclad followed up on the agreement by entering into a written agreement with a Ventana subsidiary for the sale. The written agreement contained an arbitration clause. *Id*. at 1710. Metalclad later brought claims including breach of contract and fraud against Ventana and others. When Metalclad sought to avoid arbitration of those claims, the court agreed with Ventana that Metalclad should be equitably estopped because it sought to enforce the agreement and at the same time repudiate the arbitration provision. *Id*. at 1717-18. The court held that the claims were "intimately founded in and intertwined with" the underlying contract. *Id*.

Just as in *Metalclad* and *Apple*, the Trustee's claims are intimately intertwined with the LLC Agreement and Settlement Agreement, both of which contain provisions mandating arbitration. The Trustee cannot make claims to avoid the transfers without invoking the Settlement Agreement itself, no doubt making his claims founded in and

intertwined with both agreements. Accordingly, the Court should allow Defendants to enforce the agreements' arbitration clauses with respect to all claims.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order: (1) compelling arbitration before the Rabbinical Council of California of all claims against Defendants alleged in Trustee's Complaint; (2) staying this adversary proceeding pending completion of the arbitration proceedings; and (3) for such further relief as the Court deems just and proper.

DATED: March 10, 2025    LESNICK PRINCE PAPPAS & ALVERSON LLP

By: /s/Matthew A. Lesnick
Matthew A. Lesnick
Counsel for Defendants Shlomo Y. Rechnitz and Yisroel Zev Rechnitz

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Lesnick Prince Pappas & Alverson LLP, 315 W. Ninth Street, Suite 705, Los Angeles, CA 90015

A true and correct copy of the foregoing document entitled **DEFENDANTS SHLOMO Y. RECHNITZ AND YISROEL ZEV RECHNITZ'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION BEFORE THE RABBINICAL COUNCIL OF CALIFORNIA AND FOR A STAY; JOINDER IN DEFENDANTS LIFE CAPITAL GROUP, LLC AND JONATHAN POLTER'S MOTION TO COMPEL ARBITRATION AND FOR A STAY; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/10/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael G D'Alba**    mgd@lnbyg.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;david@rhmfirm.com;priscilla@rhmfirm.com;gabriela@rhmfirm.com;rosario@rhmfirm.com;rebeca@rhmfirm.com;LA@rhmfirm.com
- **Bradley D. Sharp (TR)**    bsharp@dsi.biz
- **Nikko Salvatore Stevens**    nikko@cym.law, eService@cym.law,karen@cym.law
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Beth Ann R. Young**    bry@lnbyg.com, bry@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/10/2025 | Janet A. Mack | /s/ Janet A. Mack |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.