Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No.158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Tele / Fax: 310-277-6910 / 310-201-0760
E-mail:  jdulberg@pszjlaw.com
             jlucas@pszjlaw.com
             jnolan@pszjlaw.com

*Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No. 23-01990-NB<br><br>Chapter 11<br><br>Adv Case No.: 2:25-ap-01020-NB |
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LIFE CAPITAL GROUP, LLC, a limited liability company, SHLOMO Y. RECHNITZ, individually and as a member of LIFE CAPITAL GROUP, LLC, YISROEL ZEV RECHNITZ, an individual, CHAIM MANELA, an individual, JONATHAN POLTER, an individual and as a manager of LIFE CAPITAL GROUP, and SECURITY LIFE OF DENVER LIFE INSURANCE COMPANY,<br><br>Defendants. | **NOTICE OF MOTION AND MOTION FOR AUTHORITY TO FILE THE LCG SETTLEMENT AGREEMENT UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JOHN W. LUCAS IN SUPPORT THEREOF**<br><br>Date:   August 12, 2025<br>Time:  2:00 p.m.<br>Place:  Courtroom 1545<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

1

DOCS_LA:319140.2 89566/002

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE DEFENDANTS AND THEIR ATTORNEYS OF RECORD, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Plaintiff, Bradley D. Sharp, in his capacity as Chapter 11 Trustee (the "**Trustee**" or "**Plaintiff**") of the bankruptcy estate of Leslie Klein, the debtor herein (the "**Debtor**"), will and hereby does move (the "**Motion to Seal**") for authorization to file the LCG Settlement Agreement under seal, pursuant to Local Bankruptcy Rule 5003-2(c)(1), 11 U.S.C. §§ 105(a) and 107(b), and Federal Rule of Bankruptcy Procedure 9018.

**PLEASE TAKE FURTHER NOTICE** that, a hearing to consider the Motion to Seal has been scheduled for **August 12, 2025,** at **2:00 p.m. Pacific Time**, or as soon thereafter as counsel may be heard before the Honorable Neil W. Bason, United States Bankruptcy Judge, in Courtroom 1545, 255 East Temple Street, Los Angeles, California 90012.

**PLEASE TAKE FURTHER NOTICE** that the Motion to Seal is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Declaration of John W. Lucas, annexed hereto, the record in this chapter 11 case, as well as any other documentary evidence as may be presented to this Court at or before the hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), if you wish to oppose the Motion to Seal, you must file a written response with the Court and serve a copy of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing on the Motion. The failure to properly file and serve an opposition may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion to Seal.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting the Motion; and (b) granting the Trustee such other and further relief as the Court deems just and proper.

Dated:   July 22, 2025                    **PACHULSKI STANG ZIEHL & JONES LLP**

By    */s/ John W. Lucas*
          John W. Lucas

Counsel for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

2

DOCS_LA:319140.2 89566/002

# MEMORANDUM OF POINTS AND AUTHORITIES

A. **The Motion to Amend**

Contemporaneously with the filing of the Motion to Seal, the Trustee filed his *Motion for Leave to Amend Complaint* (the "**Motion to Amend**") in the above-captioned adversary proceeding. The Motion to Amend seeks to withdraw, with prejudice, the Trustee's breach of contract cause of action (*i.e.*, the Fifth Claim for Relief), because the Trustee has determined that such cause of action is unenforceable as a result of the settlement agreement (the "**LCG Settlement Agreement**") entered into between Leslie Klein (the "**Debtor**") on the one hand and Life Capital Group, LLC ("**LCG**"), Shlomo Rechnitz ("**Rechnitz**"), and Jonathan Polter ("**Polter**" and together with LCG and Rechnitz, the "**Defendants**") on the other. The LCG Settlement Agreement is referenced as **Exhibit "E"** to the Motion to Amend.

Because a settlement can limit the scope of the preclusive effect of a dismissal with prejudice by its terms, *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 911 (9th Cir. 1998), courts look to the intent of the settling parties to determine the preclusive effect of a dismissal entered in accordance with a settlement agreement, rather than to general principles of claim preclusion. *See F.T.C. v. Garvey*, 383 F.3d 891, 898 n.7 (9th Cir. 2004) ("The basically contractual nature of consent judgments has led to general agreement that preclusive effects should be measured by the intent of the parties."). Thus, for the Court to determine whether the LCG Settlement Agreement had the effect of releasing the estate's breach of contract claim, the Court must be able to determine the intent of the parties. Accordingly, the Court must be able to review the LCG Settlement Agreement in its entirety to determine the intent of the parties.

However, the LCG Settlement Agreement requires the Trustee to keep the terms therein confidential. In addition, the LCG Settlement Agreement was produced by LCG to the Trustee pursuant to a confidentiality stipulation, which requires the Trustee to keep such documents confidential. *See* [Docket Nos. 586 and 588] (the "**Protective Order**"). The Defendants recently filed a copy of the LCG Settlement Agreement, *see* [Adv. Docket No. 26], but such document was almost entirely redacted and did not include the distribution schedule referenced in the agreement.

3

As result, the Trustee is seeking to seal LCG Settlement Agreement, which is **Exhibit "E"** to the Motion to Amend.

### B. Section 107(b) and Local Bankruptcy Rule 5003-2(c)(1) Permit the Sealing of Documents

Local Bankruptcy Rule 5003-2(c)(1) and the Court Manual permit the filing of a document under seal upon the approval of the Court through a written motion presented to the Court along with a redacted copy of the document to be filed. Section 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), provides bankruptcy courts with the power to issue orders that will protect entities from potential harm from the disclosure of sensitive information. Section 107(b), in relevant part, provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b). Section 107(b) of the Bankruptcy Code does not require a demonstration of "good cause." Rather, if material sought to be protected falls within one of the enumerated categories, "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Additionally, Rule 9018 of the Federal Rules of Bankruptcy Procedure states, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018. Finally, pursuant to 11 U.S.C. § 105(a), the court may issue any order, process or judgment that is *necessary* or appropriate to carry out the provisions of this title.

### C. The Sealing of the LCG Settlement Agreement is Subject to the Court's Discretion

The Trustee is seeking authority to file the LCG Settlement Agreement under seal because the terms of the LCG Settlement Agreement and the Protective Order require the Trustee to maintain

4

DOCS_LA:319140.2 89566/002

the confidentiality of the LCG Settlement Agreement. While the Trustee does not believe that the LCG Settlement Agreement contains "a trade secret or confidential research, development, or commercial information" as contemplated by section 107(b) of the Bankruptcy Code, the Protective Order requires the Trustee to keep the terms of the LCG Settlement Agreement confidential and is the reason for the Motion to Seal.

The Trustee did not ask Defendants' respective counsel to consent to the filing of the LCG Settlement Agreement because the Defendants recently filed the document with heavy redactions and the Trustee believes that it would be futile to ask the Defendants for their consent given the adversarial posture between the Defendants and the Trustee. As required by the Local Bankruptcy Rules, the Trustee provided the Court with an unredacted copy of the LCG Settlement Agreement in connection with the filing of the Motion to Seal.

The Trustee requests the Court enter an order permitting him to file the Motion to Amend with the LCG Settlement Agreement redacted in its entirety.

Dated:    July 22, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

By    */s/ John W. Lucas*
       John W. Lucas

Counsel for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

5

DOCS_LA:319140.2 89566/002

## DECLARATION OF JOHN W. LUCAS

I, JOHN W. LUCAS, declare:

1. I am an attorney at law duly licensed to practice before all courts in the state of California and in this District. I am a partner of the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys for the trustee in this adversary proceeding. The facts stated herein are of my own personal knowledge, or were obtained by me from a review of the books, records and files maintained by me as counsel for the Trustee. If called upon as a witness, I could and would competently testify thereto.

2. I make this Declaration in support of the *Motion for Authority to File LCG Settlement Agreement Under Seal* (the "**Motion to Seal**"),[1] to which this Declaration is annexed.

3. Trustee moves the Court pursuant to Local Bankruptcy Rule 5003-2(c)(1), 11 U.S.C. §§ 105(a) and 107(b), and Federal Rule of Bankruptcy Procedure 9018, to file under seal an unredacted copy of the LCG Settlement Agreement.

4. By the Motion to Amend, the Trustee is seeking to withdraw his breach of contract cause of action on the basis that the LCG Settlement Agreement released such claim. The Court cannot determine whether such claim was released unless the Court reviews the LCG Settlement Agreement in its entirety. Concurrently with the filing of the Motion to Seal, I have provided the Court with an unredacted copy of the LCG Settlement Agreement.

5. The Trustee is seeking authority to file the LCG Settlement Agreement under seal because the terms of the LCG Settlement Agreement and the Protective Order require the Trustee to maintain the confidentiality of the LCG Settlement Agreement. While I do not believe that the LCG Settlement Agreement contains "a trade secret or confidential research, development, or commercial information" as contemplated by section 107(b) of the Bankruptcy Code, the Protective Order requires the Trustee to keep the terms of the LCG Settlement Agreement confidential and is the reason for the Motion to Seal.

---

[1] Capitalized terms not defined herein have the meanings used in the Motion to Seal.

DOCS_LA:319140.2 89566/002

6. I did not ask Defendants' respective counsel to consent to the filing of the LCG Settlement Agreement because the Defendants recently filed the document with heavy redactions and I believe that it would be futile to ask the Defendants for their consent given the adversarial posture between the Defendants and the Trustee. As required by the Local Rules, I provided the Court with an unredacted copy of the LCG Settlement Agreement in connection with the filing of the Motion to Seal.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of July, 2025, at San Francisco, California.

*/s/ John W. Lucas*
John W. Lucas

DOCS_LA:319140.2 89566/002

7