Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No.158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Tele / Fax: 310-277-6910 / 310-201-0760
E-mail:  jdulberg@pszjlaw.com
             jlucas@pszjlaw.com
             jnolan@pszjlaw.com

*Attorneys for Plaintiff, Bradley D. Sharp, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No. 23-01990-NB<br><br>Chapter 11<br><br>Adv Case No.: 2:25-ap-01020-NB |
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LIFE CAPITAL GROUP, LLC, a limited liability company, SHLOMO Y. RECHNITZ, individually and as a member of LIFE CAPITAL GROUP, LLC, YISROEL ZEV RECHNITZ, an individual, CHAIM MANELA, an individual, JONATHAN POLTER, an individual and as a manager of LIFE CAPITAL GROUP, and SECURITY LIFE OF DENVER LIFE INSURANCE COMPANY,<br><br>Defendants. | **CHAPTER 11 TRUSTEE'S REPLY TO: (1) DEFENDANTS LIFE CAPITAL GROUP, LLC AND JONATHAN POLTER'S OPPOSITION TO TRUSTEE'S MOTION FOR LEAVE TO AMEND THE COMPLAINT; AND (2) DEFENDANTS SHLOMO Y. RECHNITZ AND YISROEL ZEV RECHNITZ'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date:   August 12, 2025<br>Time:   2:00 p.m.<br>Place:   Courtroom 1545<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

Bradley D. Sharp ("**Trustee**"), the duly appointed trustee for the chapter 11 estate of Leslie Klein (the "**Debtor**"), hereby files this reply (the "**Reply**") to *Defendants Life Capital Group, LLC and Jonathan Polter's Opposition to Trustee's Motion for Leave to Amend the Complaint* [Docket No. 72] (the "**Life Capital Opposition**") and *Defendants Shlomo Y. Rechnitz and Yisroel Zev Rechnitz's Opposition to Plaintiff's Motion for Leave to Amend Complaint* [Docket No. 73] (the

"**Rechnitz Opposition**" and together with the Life Capital Opposition, the "**Oppositions**"). In support of the Reply, the Trustee respectfully represents as follows:[1]

# I.

## THE OPPOSITIONS SHOULD BE OVERRULED AND THE MOTION GRANTED

**A.  Defendants Concede the Breach Claim is Unenforceable But Nevertheless Want To Use it as the Basis to Compel Arbitration Instead Having the Claim Dismissed**

The commencement of the above-captioned adversary proceeding against the Defendants has always been and continues to be focused on two primary causes of action of the estate that arose as a result of the Debtor's commencement of his bankruptcy case: (1) the avoidance of the LCG Settlement Agreement as a fraudulent transfer, which was entered into when the Debtor was insolvent (something the Defendants do not contest) and in exchange for less than reasonably equivalent value; and (2) the avoidance and recovery of preferential transfers that were made while the Debtor was insolvent on account of antecedent debts.

As a result, the Trustee's Complaint contains twelve claims for relief. Ten are core matters (fraudulent transfer, preferences, and recovery thereof), one is a remedy (injunction),[2] and the Fifth Claim for Relief is the contract breach claim, which the Trustee concedes is non-core and acknowledges is unenforceable.

The Trustee's breach of contract claim (*i.e.*, the Fifth Claim for Relief under the Complaint) has always been the proverbial "tail wagging the dog." Under no circumstances could anyone faithfully argue that this claim has ever been the focus of the Trustee, or at the center of the Complaint. Yet, at the same time, the Defendants have focused solely on this contract breach claim because they can only hope to succeed on their Motions to Compel by staking their position to this particular cause of action, despite the fact that they readily acknowledge that it is unenforceable due to *res judicata*. The Defendants' tortured logic makes no sense and collapses upon itself.

---

[1] Capitalized terms not defined herein have the meanings used in the Motion to Amend [Adv. Docket No. 65].

[2] The Court previous found the injunction remedy to be neither core nor non-core and irrelevant to the Court's ruling upon the Motions to Compel.

4911-6160-8025.2 78512.001                                                        2

The Defendants contend that all of the Trustee's core claims for relief should be sent to arbitration on the basis of a single cause of action that they concede is *res judicata* and unenforceable. The Defendants should have simply filed a motion to dismiss the breach of contract claim for relief because there is nothing for both sides to accomplish in the arbitration with respect to a cause of action that is already admittedly resolved with finality. The breach of contract claim for relief is forsaken. Thus, such cause of action should not be used as a basis to compel arbitration and is also why the Trustee elected to withdraw and ultimately eliminate a claim for relief that does not and cannot be decided by this Court or any arbitrator.

### B. The Primary Rights Doctrine Has No Application to Avoidance Causes of Action that Arise Under the Bankruptcy Code

The Defendants' reliance upon the "primary rights doctrine" is misplaced and has no application to fraudulent transfer and preference causes of action that arise under and as a result of the estate's rights and a Trustee's powers by virtue of the Bankruptcy Code. The Defendants rely upon *Roberts v. Andrews Family Revocable Trust* (*In re Andrews*), 2014 Bankr. LEXIS 2466, *25 (9th Cir. B.A.P. June 5, 2014) for the proposition that when two actions concern a single "cause of action" under the primary rights theory they are subject to claim preclusion. However, none of the claims in *Andrews* involved fraudulent transfer or preference claims that arise as a result of the estate's rights under the Bankruptcy Code. In *Andrews*, the BAP affirmed the bankruptcy court's dismissal of the subject causes of action "because they were based on the same primary right and harm suffered by debtor in the prior actions." The fraudulent transfer and preference actions do not fall into this category.

The Defendants' attempt to twist and reformulate the Trustee's avoidance causes of action fails. The Defendants contend that:

> Absent an alleged breach of the LLC Agreement, the Debtor suffered no harm. For example, the Trustee's allegations regarding a constructively fraudulent transfer **caused by an alleged breach of the LLC agreement** does not present a separate injury. Rather, any alleged harm to the Debtor would be a direct consequence of the Defendants' alleged violation of the Debtor's right to receive certain policy proceeds under the waterfall set forth in the LLC Agreement.

LCG Opposition, 9:21-28 (emphasis added).

The Trustee most assuredly does not allege that the fraudulent transfer claims were caused by any breach of contract. Nor does the Trustee base the fraudulent transfer claims upon the breach of contract claim whatsoever. Instead, the Trustee alleges that the LCG Settlement Agreement, and the releases given thereunder, was entered into while the Debtor was insolvent and for less than reasonably equivalent value. The breach of contract claim has nothing to do with the Trustee's fraudulent claim and preference claims for relief. The Court already knows this – everything the Court has asked the parties to do regarding an accounting for the pre-petition breach of contract claim has reflected the separate and distinct nature of this cause of action. The fraudulent transfer claims are focused on the less than reasonably equivalent value the Debtor received as a result of the LCG Settlement Agreement.

Notably, none of the other case citations offered in either of the Oppositions include the application of the "primary rights doctrine" with respect to avoidance action claims that arise solely under the Bankruptcy Code. The Defendants do not attempt to make such argument because there is no case law that stands for such proposition. Accordingly, the Oppositions to the Motion to Amend on this ground should be overruled.

### C. Withdrawing the Breach of Contract Claim Does Not Prejudice the Defendants

The Defendants contend that the withdrawal of the breach of contract claim for relief will unduly prejudice them but fail to explain how they are being prejudiced. The Trustee is seeking to withdraw the Fifth Claim for Relief, with prejudice, thereby bringing finality with respect to this claim in this action or any other action for that matter. "[A] dismissal with prejudice has the effect of a final adjudication on the merits favorable to the defendant." *Wainwright Securities, Inc. v. Wall Street Transcript Corp.*, 80 F.R.D. 103, 105 (S.D.N.Y.1978). Thus, a dismissal with prejudice cannot harm the defendant because the defendant receives all that it would have received had the case been completed in favor of the defendant. *Id.*; *see also*, *Bynum v. County of Kauai*, 2014 U.S. Dist. LEXIS 23142, *7 (D. Haw. Feb. 24, 2014) (holding that when a claim is dismissed with prejudice that the opposing party cannot suffer prejudice because the dismissal results in finality). The irony is that the Defendants are attempting to use a claim they concede is not actionable as the

basis to force arbitration when the claim itself is not subject to arbitration because it was already resolved.

### D. The Withdrawal of the Breach of Contract Claim Is In Good Faith Because It Is Not Actionable

The Defendants contend that the Motion to Amend to withdraw the Fifth Claim for Relief was filed in bad faith because it was intended "to eliminate an arbitrable claim to try to obtain a ruling denying LCG and Polter's Motion to Compel Arbitration as moot." LCG Opposition, 11:12-13. The Defendants' argument makes no sense. On the one hand, they argue and concede that the Trustee's Fifth Claim for Relief is unenforceable; then, on the other hand, they want the Trustee to prosecute such claim (even though it is unenforceable) so that they can use it to compel arbitration over an issue that has already been resolved.

The Defendants' reliance upon *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) is, again, misplaced. In *Sorosky*, the movant sought leave to amend the complaint to **add** parties to the action that would have destroyed diversity. Here, the Trustee is seeking leave to **eliminate** a cause of action, with prejudice. The Defendants cannot have it both ways. If such claim is unenforceable, the Trustee does not understand how it can be used as the basis to compel arbitration or why the Trustee should not be permitted to dismiss the claim with prejudice. As the Sixth Circuit Court of Appeals astutely held that it "know[s] of no power in the trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice, the client being agreeable." *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964).

### E. The Motion to Amend is Timely

The Trustee filed the Complaint on January 23, 2025. In response to filing the Complaint, Defendants asked for an extension of time to respond to the complaint, to which the Trustee agreed. *See* [Adv. Docket Nos. 10, 12, 14, and 17]. As a result of the foregoing stipulations and orders, the Motions to Compel were not heard by the Court until May 6, 2025, almost four months after the Complaint was filed. At the May 6, 2025, hearing the Court did not rule on the Motions to Compel but instead continued the hearing to June 24, 2025. It was not until the June 24, 2025, hearing that

the Court directed the parties to file their respective pleadings regarding the amount of the reasonably equivalent value (or the lack thereof) under the LCG Settlement Agreement. Literally nothing has transpired in this adversary proceeding since the filing of the Motions to Compel and the opposition thereto. The Motion to Amend is nothing more than a means to narrow issues that do not need to be litigated or arbitrated. It is certainly not untimely within the context of the adversary proceeding's progress to date as noted above.

**F.     The Motion to Amend Is Not Futile**

The Defendants contend that the Motion to Amend is futile because the withdrawal of the Fifth Claim for Relief somehow confirms that the Trustee's independent causes of action that arose under the Bankruptcy Code as a result of the Debtor's filing his bankruptcy case are subject to *res judicata*. The Defendants have not cited a single case where a court dismissed fraudulent transfer and preference actions on the basis of the "prior rights doctrine" or *res judicata*. If Defendants believe that the Trustee's independent causes of action that arose as a result of the estate's rights under the Bankruptcy Code are not actionable then they should file a motion to dismiss with the applicable authority that supports such dismissal. The Trustee believes that such a motion to dismiss would be futile but fully expects Defendants to file such motion for the purpose of delaying the Trustee's prosecution of his core bankruptcy claims against the Defendants.

Dated:   August 5, 2025                          **PACHULSKI STANG ZIEHL & JONES LLP**

                                                 By      */s/ John W. Lucas*
                                                         John W. Lucas

                                                 Counsel for Plaintiff, Bradley D. Sharp,
                                                 Chapter 11 Trustee

4911-6160-8025.2 78512.001                       6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*) **CHAPTER 11 TRUSTEE'S REPLY TO: (1) DEFENDANTS LIFE CAPITAL GROUP, LLC AND JONATHAN POLTER'S OPPOSITION TO TRUSTEE'S MOTION FOR LEAVE TO AMEND THE COMPLAINT; AND (2) DEFENDANTS SHLOMO Y. RECHNITZ AND YISROEL ZEV RECHNITZ'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 5, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael G D'Alba**   mgd@lnbyg.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **M. Jonathan Hayes**   jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Lisa Patel**   lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com
- **Matthew D. Resnik**   matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- **Bradley D. Sharp (TR)**   bsharp@dsi.biz
- **Nikko Salvatore Stevens**   nikko@cym.law, eService@cym.law,karen@cym.law
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Beth Ann R. Young**   bry@lnbyg.com, bry@lnbyb.com

☐   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **August 5, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 5, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Email:**
Eric J Olson:  eric@ejolsonlaw.com
Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net

**Via Email:**
Daniel A. Crawford, Esq.
Email: dac@crawfordlawgroup.com

LA:4926-6055-3038.1 78512.001

**Via Email:**
Ron Maroko:
Email: Ron.Maroko@usdoj.gov

**Via Email:**
Beth R. Young   bry@lnbyg.com
Matt Lesnick   matt@lesnickprince.com
Michael G. D'Alba:  mgd@lnbyg.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 5, 2025 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

LA:4926-6055-3038.1 78512.001