Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
E-mail:  jdulberg@pszjlaw.com
        jlucas@pszjlaw.com

*Counsel to Bradley D. Sharp, Liquidation Trustee of
the Klein Creditors' Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>Adv. Case No.: 2:25-ap-01020-NB |
| BRADLEY D. SHARP, Liquidation Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LIFE CAPITAL GROUP, LLC, a limited liability company, SHLOMO Y. RECHNITZ, individually and as a member of LIFE CAPITAL GROUP, LLC, YISROEL ZEV RECHNITZ, an individual, CHAIM MANELA, an individual, JONATHAN POLTER, an individual and as a manager of LIFE CAPITAL GROUP, and SECURITY LIFE OF DENVER LIFE INSURANCE COMPANY,<br><br>Defendants. | **STIPULATION RE (A) LIQUIDATION TRUSTEE'S DISMISSAL OF CERTAIN CAUSES OF ACTION (WITH PREJUDICE); AND (B) BRIEFING SCHEDULE REGARDING ARBITRATION AND PROSECUTION RE FEE CLAIMS AND PREFERENCE CAUSES OF ACTION AGAINST DEFENDANTS SHLOMO Y. RECHNITZ, YISROEL Z. RECHNITZ, AND CHAIM MANELA**<br><br>[No Hearing Required] |

Plaintiff Bradley D. Sharp, Liquidation Trustee (the "**Trustee**"), on the one hand, and

defendants Life Capital Group, LLC ("**LCG**"), Jonathan Polter ("**Polter**"), Shlomo Y. Rechnitz

("**Shlomo**"), Yisroel Zev Rechnitz ("**Steve**"), Chaim Manela ("**Manela**") (collectively, the

"**Defendants**"), and Security Life of Denver  Insurance Company ("**Security Life**"), on the other

4915-7880-8508.9 78512.001

hand, (collectively the "**Parties**") by and through their respective counsel, hereby stipulate (the "**Stipulation**") to the following:

### RECITALS

A.    On January 23, 2025, the Trustee filed a complaint (the "Complaint") [Adv. Docket No. 1] that asserted constructive fraudulent transfer, breach of contract, accounting, injunctive relief, and preference causes of action against the Defendants, as applicable and as set forth therein.

B.    On March 10, 2025, LCG, Polter, and Shlomo filed motions [Adv. Docket Nos. 26, 27, and 28] (the "Motions to Compel") seeking to compel arbitration regarding the causes of action alleged in the Complaint.

C.    On or about July 22, 2025, in response to the Motion to Compel, the Trustee filed a motion to amend the complaint to remove the breach of contract claim against LCG and Polter [Adv. Docket No. 65] (the "Motion to Withdraw") for the reasons set forth in such motion. On or about August 14, 2025, the Court entered an order granting the Motion to Withdraw.

D.    On or about August 14, 2025, the Trustee filed his First Amended Complaint [Adv. Docket No. 83], which withdrew the Complaint's cause of action for breach of contract but maintained all of the other claims for relief against the applicable Defendants.

E.    On August 22, 2025, the Court entered an order granting the Motions to Compel [Adv. Docket No. 92] (the "Arbitration Order").

F.    Prior to commencing arbitration (the "Arbitration"), the Parties pursued mediation, which was formally concluded without a resolution on or about March 19, 2026.

G.    On March 25, 2026, the Trustee's counsel requested LCG's, Polter's and Shlomo's consent to dismiss the constructive fraudulent transfer causes of action, with prejudice.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4915-7880-8508.9 78512.001

2

H.      On May 14, 2026, LCG and Polter commenced the Arbitration before the Rabbinical Counsel of California ("**RCC**") in accordance with the Arbitration Order. The Arbitration is now pending, although the Trustee has elected to not participate in the Arbitration because he has determined it is in the interest of the Liquidation Trust to dismiss, with prejudice, certain claims in the Complaint (as described in greater detail below).  Defendants contend that the Trustee's dismissal of certain claims does not terminate the Arbitration or modify the Arbitration Order.

I.      The Trustee is ready to dismiss, with prejudice the constructive fraudulent transfer, accounting, and injunction causes of action, which then would leave only the preference causes of action remaining in the Complaint and result in no causes of action remaining against LCG and Polter.

J.      LCG, Polter and Shlomo contend that the Trustee's election to dismiss the claims against LCG and Polter entitle LCG and Polter to recover attorney's fees and costs as the prevailing party in the Adversary Proceeding  (the "**Fee Claims**"), pursuant to  section 6.12 of the Limited Liability Operating Agreement of Life Capital Group, LLC (the "**LLC Agreement**") and that the determination of  Fee Claims against the Debtor along with certain factual matters relative to the remaining preference causes of action should continue to proceed before the RCC pursuant to the Arbitration Order.

K.      The Trustee contends that it cannot make a determination with respect to such Fee Claims because it contends that  LCG  must file any Fee Claims against the Debtor and/or his estate

L.      Shlomo, Steve and Manela contend that "the preference claims depend, to at least some extent, on the contractual analysis [and] are reinforced by the questions that Defendants have raised about whether the funds that were transferred really were Debtor's property, as a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

contractual matter or under applicable non-bankruptcy law" as set forth in the Arbitration Order and this Court's Tentative Ruling issued on June 30, 2026, and are therefore subject to Arbitration as well, pursuant to the Arbitration Order.

M.      LCG, Polter and Shlomo consent to the Trustee's dismissal with prejudice of the Trustee's claims for relief against LCG, Polter, and Shlomo subject to  a full reservation of rights to seek and recover LCG's, Polter's, and Shlomo's attorney's fees and costs incurred in connection with this Adversary Proceeding which claims arise under the Section 6.12 of the LLC Agreement, with the Liquidation Trust's rights and defenses fully preserved.

N.      In light of the dismissal of all claims under the Amended Complaint other than the preference relates claims, the Parties agree that Security Life of Denver Insurance Company no longer needs to be a defendant.

O.      The Parties have agreed to brief this dispute as outlined herein in accordance with the dates and times set forth herein or as otherwise directed by the Court.

## STIPULATION

Subject to Court approval, the Parties hereby stipulate and agree as follows:

1.      The effectiveness of this Stipulation shall be conditioned upon the Court's entry of an order approving the same.

2.      The following causes of action against LCG, Polter and Shlomo, as applicable, under the Amended Complaint are hereby dismissed with prejudice: (a) Constructive Fraudulent Transfer (11 U.S.C. § 548); (b) Constructive Fraudulent Transfer (11 U.S.C. § 544); (c) Recovery of Constructive Fraudulent Transfers (11 U.S.C. § 550 and Cal. Civil Code § 3439.07); (d) Accounting (11 U.S.C. § 542); (e) Breach of Contract; and, (f) Injunction (collectively, the "**Dismissed Claims**").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3.    The Parties may brief the issue of the venue of the Fee Claims per the schedule set forth below.

4.    The Trustee is not required to file a second amended complaint, and the Amended Complaint will be deemed amended by the terms of this Stipulation.

5.    Notwithstanding dismissal of the Dismissed Claims, LCG, Polter and Shlomo reserve all of their  rights, remedies and defenses under the LLC Agreement to recover their attorney's fees and costs arising from defending this Adversary Proceeding, and the Parties' rights and defenses thereto are fully reserved.

6.    For the avoidance of doubt, the Parties' respective rights and defenses are fully preserved on the matters to be briefed and adjudicated by the Court.

7.    On or before **August 11, 2026**, Defendants may file a motion or an opening brief regarding the arbitration of the Fee Claims and issues regarding determination of the remaining preference claims.[1]

8.    On or before **August 25, 2026**, the Trustee may file a response.

9.    On or before **September 1, 2026**, Defendants may file a reply.

10.    A hearing regarding the foregoing motion and/or briefing will take place on **September 8, 2026 at 2:00 p.m. or as otherwise convenient to the Court's calendar**.

11.    Upon approval of this Stipulation, Security Life of Denver Insurance Company is hereby dismissed from the above-captioned adversary proceeding with prejudice.

12.    Upon execution by the Parties, the Trustee shall promptly submit a proposed order seeking approval of this Stipulation by the Court.

---

[1] For the avoidance of doubt, by agreeing to this briefing schedule, the Trustee is not conceding or agreeing that LCG, and Polter have any standing to file a motion/brief as set forth herein because upon approval of this Stipulation they are no longer defendants in the above-captioned adversary proceeding. Similarly, the Trustee is not conceding or agreeing that Steve and Manela have any rights to compel arbitration under Section 12.1 of the LLC Agreement. Neither Steve or Manela are parties to such agreement and have no basis to seek to compel arbitration. All rights and defenses of the Parties are reserved.

4915-7880-8508.9 78512.001                    5

12. Upon execution by the Parties, the Trustee shall promptly submit a proposed order seeking approval of this Stipulation by the Court.

**IT IS SO STIPULATED.**

Date:  July 17, 2026                LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P

By: _____
        RON BENDER
        BETH ANN R. YOUNG
        Attorneys for Defendants Life Capital Group, LLC
        and Jonathan Polter

Dated:  July __, 2026            PACHULSKI STANG ZIEHL & JONES LLP

By: _____
        JEFFREY W. DULBERG
        JOHN W. LUCAS
        Attorneys for Plaintiff Bradley D. Sharp,
        Liquidation Trustee

Dated:  July 17, 2026            LESNICK PRINCE PAPPAS & ALVERSON LLP

By _____
        MATTHEW A. LESNICK
        Attorneys for Defendants Shlomo Y. Rechnitz
        and Yisroel Zev Rechnitz

Dated:  July __, 2026            RHM LAW LLP

By _____
        MATTHEW RESNIK
        M. JONATHAN HAYES
        Attorneys for Defendant Chaim Manela

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**IT IS SO STIPULATED.**

Date:  July __, 2026                              LEVENE, NEALE, BENDER, YOO & GOLUBCHIK
L.L.P


By: _____
    RON BENDER
    BETH ANN R. YOUNG
    Attorneys for Defendants Life Capital Group, LLC
    and Jonathan Polter


Dated:  July 17, 2026                            PACHULSKI STANG ZIEHL & JONES LLP


By: _____
    JEFFREY W. DULBERG
    JOHN W. LUCAS
    Attorneys for Plaintiff Bradley D. Sharp,
    Liquidation Trustee


Dated:  July __, 2026                             LESNICK PRINCE PAPPAS & ALVERSON LLP


By _____
    MATTHEW A. LESNICK
    Attorneys for Defendant Shlomo Y. Rechnitz
    and Steve Rechnitz


Dated:  July __, 2026                             RHM LAW LLP


By _____
    MATTHEW RESNIK
    M. JONATHAN HAYES
    Attorneys for Defendant Chaim Manela


Dated: July __, 2026                              McDOWELL HETHERINGTON LLP


By _____
    JOHN T. BURNITE

    Attorneys for Defendant Security Life of Denver
    Insurance Company

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**IT IS SO STIPULATED.**

Date: July __, 2026       LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P

By: _____
     RON BENDER
     BETH ANN R. YOUNG
     Attorneys for Defendants Life Capital Group, LLC
     and Jonathan Polter

Dated: July __, 2026      PACHULSKI STANG ZIEHL & JONES LLP

By: _____
     JEFFREY W. DULBERG
     JOHN W. LUCAS
     Attorneys for Plaintiff Bradley D. Sharp,
Liquidation Trustee

Dated: July __, 2026      LESNICK PRINCE PAPPAS & ALVERSON LLP

By _____
     MATTHEW A. LESNICK
     Attorneys for Defendant Shlomo Y. Rechnitz
     and Steve Rechnitz

Dated: July 17, 2026      RHM LAW LLP

By _____
     MATTHEW RESNIK
     M. JONATHAN HAYES
     Attorneys for Defendant Chaim Manela

Dated: July __, 2026      McDOWELL HETHERINGTON LLP

By _____
     JOHN T. BURNITE

     Attorneys for Defendant Security Life of Denver
Insurance Company

PACHULSKI
STANG
ZIEHL &
JONES
LLP
ATTORNEYS
AT LAW
LOS
ANGELES
CALIFOR
NIA

4915-7880-8508.9 78512.001          6

**IT IS SO STIPULATED.**

Date:  July __, 2026

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P

By: _____
RON BENDER
BETH ANN R. YOUNG
Attorneys for Defendants Life Capital Group, LLC and Jonathan Polter

Dated:  July __, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By: _____
JEFFREY W. DULBERG
JOHN W. LUCAS
Attorneys for Plaintiff Bradley D. Sharp, Liquidation Trustee

Dated:  July __, 2026

LESNICK PRINCE PAPPAS & ALVERSON LLP

By _____
MATTHEW A. LESNICK
Attorneys for Defendant Shlomo Y. Rechnitz and Steve Rechnitz

Dated:  July __, 2026

RHM LAW LLP

By _____
MATTHEW RESNIK
M. JONATHAN HAYES
Attorneys for Defendant Chaim Manela

Dated:  July 17, 2026

McDOWELL HETHERINGTON LLP

By _____
JOHN T. BURNITE
Attorneys for Defendant Security Life of Denver Insurance Company

4915-7880-8508.9 78512.001                6