BETH ANN R. YOUNG (SBN 143945)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: bry@lnbyg.com

Attorneys for Defendants Life Capital Group, LLC and Jonathan Polter

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>Adv. Case No.: 2:25-ap-01020-NB |
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LIFE CAPITAL GROUP, LLC, a limited liability company, SHLOMO Y. RECHNITZ, individually and as a member of LIFE CAPITAL GROUP, LLC, YISROEL ZEV RECHNITZ, an individual, CHAIM MANELA, an individual, JONATHAN POLTER, an individual and as a manager of LIFE CAPITAL GROUP, and SECURITY LIFE OF DENVER LIFE INSURANCE COMPANY,<br><br>Defendants. | **DEFENDANTS LIFE CAPITAL GROUP, LLC AND JONATHAN POLTER'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO COMPEL LIQUIDATING TRUSTEE'S COMPLIANCE WITH ARBITRATION ORDERS [ADV. DKTS. 91 and 92] AND FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY BRADLEY D. SHARP, LIQUIDATING TRUSTEE, SHOULD NOT BE HELD IN CONTEMPT OF THE COURT'S ARBITRATION ORDERS AND WHY SANCTIONS SHOULD NOT BE IMPOSED**<br><br>Date: September 8, 2026<br>Time: 2:00 p.m.<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

Defendants Life Capital Group, LLC ("LCG") and Jonathan Polter ("Polter" and with LCG, "Defendants"), hereby submit this Reply Memorandum in Support of Their Motion To Compel Liquidating Trustee's Compliance With Arbitration Orders [Adv. Dkt. 91 and 92] and for Issuance of an Order To Show Cause Why Bradley D. Sharp, Liquidating Trustee, Should Not Be Held In Contempt of the Court's Arbitration Orders and Why Sanctions Should Not Be Imposed (the "Motion"), as follows:

## I.

## SUMMARY OF ARGUMENT

As shown in the Motion papers, the Trustee has repeatedly failed to comply with the Court's Arbitration Orders compelling arbitration before the Rabbinical Counsel of California ("RCC").[1] Far from raising any doubt as to this issue, the Trustee's Opposition in fact details multiple ways in which the Trustee has continually refused to proceed with the RCC Arbitration. The Trustee first argues that voluntarily dismissing the fraudulent transfer claims eliminates the need for arbitration because they now "concede" to LCG's settlement accounting that they challenged for more than one year. Not so. As the Court previously ruled, the RCC Arbitration was relevant to both the fraudulent transfer and preference claims:

> The RCC shall arbitrate the parties' interpretations of the LLC Agreement as described above which is **necessary** for the Bankruptcy Court to determine whether 'Plaintiff/Trustee could establish a proper basis to proceed on his fraudulent and **preferential transfer claims**' as alleged in the Amended Complaint (adv. dkt. 83) but shall **not arbitrate** the fraudulent and/or **preferential transfer** causes of action asserted in the Amended Complaint. (Arbitration Order (Adv. Dkt. 91) p. 3:18-24.) Emphasis added.)

Thus, even in his Opposition, the Trustee continues with the charade that the RCC Arbitration is not a necessary predicate to the Bankruptcy Court's determination of the Trustee's

[1] Definitions used herein are the same as defined in the Motion.

preference claims. As the plain language of the Court's ruling shows, this assertion is baseless. Far from raising a challenge as to the Trustee's contempt, the Trustee's current arguments evidence it.

The Trustee also disputes that contempt findings are appropriate, alleging that his defiance of the Court's orders was not willful. This assertion again obscures the real issue. Under Ninth Circuit standards, civil contempt is remedial; therefore, the intent of the party violating the order is irrelevant. The Trustee admits he instructed his counsel to seek dismissal *instead of* arbitrating because he concluded he would not prevail before the RCC. This deliberate decision to bypass a court-mandated forum constitutes a willful violation of clear and definite orders. The Trustee has never sought or obtained formal relief or a stay from the August 22, 2025 Arbitration Orders. Parties do not have the legal discretion to unilaterally declare a court order unnecessary and ignore it without seeking formal judicial relief. Again, the Trustee's arguments demonstrate contempt rather than negate it.

As is further shown below, even if the Court were to credit the balance of the Trustee's largely irrelevant and inaccurate contentions, they cannot extricate his undisputed contempt for the Arbitration Orders. For example, the Trustee now asserts that he came to the conclusion that his claims under the LCG Operating Agreement were destined to fail only after he had spent 18 months fighting over the limited issues relating to LCG, Polter and Shlomo's right to arbitration under the LLC Agreement, and after causing these Defendants to incur more than $500,000 of legal fees and costs.[2] But the Trustee offers no evidence that he ever had a credible challenge to

[2] The Trustee did not offer in March 2026 to dismiss all of the claims arising under the LCG Operating Agreement, which the Court had compelled to arbitration. His offer was only to dismiss the fraudulent transfer claims, but not any of the other claims against LCG and Polter. It was not until four months later, on July 20, 2026 that the Trustee agreed to dismiss all claims for fraudulent transfers, an accounting and injunction, which was effectuated by the Court's July 22, 2026 Order [Adv. Dkt. No. 113].

LCG's accounting. So, far from raising any serious issues as to the Trustee's initial good faith (which is not directly relevant at present), his Oppositon only raises further questions as to what good faith basis he ever had to challenge LCG's accounting.

At bottom, the Trustee's lengthy contortions notwithstanding, resolution of the relevant issues under the Defendants' Motion is simple: the Trustee repeatedly failed (and continues to fail) to comply with the Court's specific orders to submit all issues under LCG's Operating Agreement to arbitration before the RCC, including those relevant to both fraudulent conveyance and preference issues. This was (and is) the contempt. Accordingly, the Motion should be granted.

## II.

## ARGUMENT

### A. DISPUTES UNDER THE LLC AGREEMENT ARE RELEVANT TO THE PREFERENCE DEFENSES

The Trustee argues that he "no longer contests the contractual interpretation issues (i.e., the accounting, accrual of interest, repayment of capital, etc.) under the Operating Agreement." (Sharp Declaration at ¶ 8.) However, the Trustee's concession does not resolve Defendants' assertion that in fact Debtor Klein was overpaid in the December 2023 settlement, or eliminate this issue which is relevant to the preference claim defenses, from proceeding with the Arbitration. Thus, the Trustee's "view that there is no longer any needs [sic] to arbitrate before the Rabbinical Council" is irrelevant, and in violation of the Arbitration Orders directly on this point. (Sharp Declaration at ¶ 9.)

The question for the RCC in the Arbitration is whether the amount was actually due and owing to Klein or whether he was overpaid. The Trustee's concession as to the accuracy of the settlement accounting does not divest Shlomo Rechnitz from establishing that Klein was overpaid through the settlement of the disputed claim. The Trustee opened this door by filing the adversary proceeding challenging the amounts paid to Klein through the settlement (seeking to unwind the settlement and recover more) and the Trustee cannot interfere with the parties' rights and defenses

in addressing the Trustee's other voidable transfer claims. Nor does the Trustee dispute that LCG, whose payments are in issue, should be a party to this Arbitration.

The Arbitration Order makes clear that the interpretation of the LLC Agreement "is necessary for the Bankruptcy Court to determine whether the Trustee could establish a proper basis to proceed on his fraudulent and preferential transfer claims as alleged in the Amended Complaint." (Adv. Dkt. 92 at p. 3, ¶ 3.) Indeed, the Trustee admits at Section E of the Trustee's Opposition, titled "The Arbitration Orders Do Not Direct the Trustee to Arbitrate with Steve or Manela" that one of the Arbitration Orders does require arbitration of Shlomo Rechnitz's interpretation of the LLC Agreement, which the Trustee has steadfastly refused to do.

Once the accounting of the waterfall has been completed by the RCC, those findings will be presented to the Bankruptcy Court to adjudicate the preference claims. However, a determination of the accounting by the RCC is a predicate to this later analysis by the Bankruptcy Court. The Trustee cannot circumvent this process by merely ratifying the disputed settlement accounting that the Trustee originally disputed in the now dismissed claims.

### B. LCG HAD NO OBLIGATION TO FILE A PROOF OF CLAIM

The Trustee contends that LCG had to file a proof of claim to recover contingent legal fees incurred in this adversary proceeding. However, the Trustee is incorrect for several reasons, the first being that as of the Petition Date, LCG was not a creditor of the Debtor. But second, and equally important, at the time of the Bar Date (August 21, 2023), LCG was not a creditor of the Debtor and had no reason to file a proof of claim seeking any affirmative distribution, and no obligation to file a proof of claim asserting a hypothetical defensive offset claim. The Trustee did not even file this adversary proceeding until January 23, 2025—18 months after the bar date had passed. And even then that lawsuit did not make LCG a creditor.[3]

---

[3] As the prevailing party in this adversary proceeding following the Trustee's dismissal of all claims against LCG, LCG now can pursue recovery of its legal fees and costs against the Trustee, which will be paid by offset or setoff from any future amounts owing to Klein for his interest under the LLC Agreement.

Putting this aside, if a creditor with setoff rights seeks no affirmative recovery from the bankruptcy estate but merely wants to preserve its ability to exercise a "defensive" setoff, the creditor need not file a proof of claim or otherwise participate in the bankruptcy case. *In re Columbia Hosp. for Women Medical Center, Inc.*, 461 B.R. 648, 672-73 (Bankr. D.D.C. 2011) ("Although failure to file a proof of claim may preclude NCRIC from asserting any right to distribution under the plan, it does not bar NCRIC from asserting a right of setoff defensively in a turnover proceeding") (citing 5 Collier on Bankruptcy ¶ 553.07[1] (16th ed. 2011); *In re Silverman Laces, Inc.,* 404 B.R. 345, 365–66 (Bankr.S.D.N.Y. 2009) (addressing a setoff raised as an affirmative defense, and concluding that "[t]he clear majority and better view [ ] is that filing a proof of claim is not a prerequisite to asserting an otherwise valid setoff.") See also, *In re De Laurentiis Entertainment Group Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992) ("the primacy of setoffs is essential to the equitable treatment of creditors. A setoff is allowed as a defense to a claim brought *by the debtor* against a creditor. The creditor can claim only an amount large enough to offset its debt; it cannot collect anything from the debtor. Absent a setoff, a creditor in NBC's position is in the worst of both worlds: it must pay its debt to the debtor in full, but is only entitled to receive a tiny fraction of the money the debtor owes it. It was to avoid this unfairness to creditors that setoffs were allowed in bankruptcy in the first place").

Where a creditor with setoff rights, such as LCG, seeks no affirmative recovery from the bankruptcy estate and instead merely seeks to preserve its ability to assert a "defensive" setoff, it need not file a proof of claim or otherwise participate in the bankruptcy case. The decision in *Container Recycling Alliance v. Lassman*, 359 B.R. 358, 362-65 (D. Mass. 2007) abrogated on other grounds by *Stern v. Marshall*, 564 U.S. 462, 496-99 (2011) illustrates this point. There, a debtor asserted affirmative claims based on the defendant's alleged breach of a lease. Defendant raised setoff as an affirmative defense and counterclaimed for separate alleged breaches by the debtor. The court determined that the company's setoff defense was more properly understood as an assertion of the right to recoupment:

> The law dictionary defines 'setoff' as a 'counter-claim demand which defendant holds against plaintiff, arising out of a transaction *extrinsic to plaintiff's cause of action.*' … 'Recoupment,' on the other hand, is 'a

> reduction or rebate by the defendant of part of the plaintiff's claim because of a right in the defendant *arising out of the same transaction.*'
> …
> Recoupment, [unlike setoff], is not a mechanism which reduces mutual debts 'for the sake of convenience,' but rather is 'in the nature of a defense' and is intended to 'permit . . . judgment to be rendered that does justice in view of the one transaction as a whole.' As such, when a debtor in bankruptcy seeks to recover from a creditor whose claim against the debtor arises out of the same transaction, allowing the creditor to recoup damages simply allows the debtor precisely what it is due when viewing the transaction 'as a whole.'

*Id.* at 363-64 (citing *United Structures of Am., Inc. v. G.R.G. Eng'g, S.E.*, 9 F.3d 996, 998-99 (1st Cir. 1993) (citations omitted) (emphasis in original).

The *Container Recycling Alliance* court concluded that the debtor's claims and the company's counterclaims both arose out of the same transaction: the lease. Although the court conceded that the counterclaims might have an effect on the value of the bankruptcy estate, it explained that "reducing the trustee's claims to the amount that he justly ought recover when the transaction is viewed as a whole is more properly seen as a part of the process of ascertaining the true value of the estate, not as an attempt to obtain a distribution from it." *Id.* at 364.

Many other courts have followed this rationale. Even a claim styled as one for "contribution" may proceed when the defendant "asserts that it does not owe [the debtor] under the contract until [the debtor] complies with the contract. This is an affirmative defense to the Trustee's claims, not a counterclaim seeking a recovery from [the debtor's] estate." *See In re Auto. Professionals, Inc.*, 389 B.R. 621, 630 (Bankr. N.D. Ill. 2008); *In re Silverman Laces, Inc.,* 404 B.R. 345, 365–66 (Bankr. S.D.N.Y. 2009) (addressing a setoff raised as an affirmative defense, concluding that "[t]he clear majority and better view, however, is that filing a proof of claim is not a prerequisite to asserting an otherwise valid setoff"); *In re Big Springs Realty, LLC*, 430 B.R. 629, 635 (Bankr. D. Mont. 2010) ("even though [defendant] has not filed a formal proof of claim in this case, [defendant] has nevertheless, through his affirmative defense[] of setoff …, sought more than a fair accounting of the amount that [plaintiff-chapter 7 trustee] is entitled to under her claims against [defendant].").

Moreover, defensive setoff rights preserved under 11 U.S.C. section 553 cannot be extinguished under a chapter 11 plan. *See* 11 U.S.C. § 553(a) ("Except as otherwise provided in this section and in sections 362 and 363 of this title, *this title does not affect any right* of a creditor to offset a mutual debt...) (emphasis in original). Applying this language, the Ninth Circuit Court of Appeals held in *In re De Laurentiis Ent. Group, Inc.*, 963 F.2d 1269, 1274-77 (9th Cir. 1992) that rights of setoff under section 553 take precedence over 11 U.S.C. section 1141, which is the statute that gives effect to a confirmed chapter 11 plan. *Id*. at 1276 ("We conclude that section 553 must take precedence over section 1141"). *See also In re PS OnTAap LLC*, 677 B.R. 756, 764 (C.D. Cal. 2026) (affirming bankruptcy court's holding that "confirmation of a plan, and the discharge of claims thereunder pursuant to Bankruptcy Code [§] 1141, must yield to the right of a setoff recognized under [§] 553'") (citing *In re De Laurentiis Ent. Group, Inc.*, 963 F.2d at 1274-77).

**C. THE TRUSTEE'S STRAWMAN ARGUMENTS ARE IRRELEVANT**

Instead of addressing the language within the Arbitration Orders with regard to their mandate to arbitrate before the RCC, and his repeated intentional refusal to do so, the Trustee's Opposition presents irrelevant arguments which serve to underscore the Trustee's contemptuous refusal to participate in the RCC Arbitration.

**D. THE TRUSTEE'S SETTLEMENT DISCUSSIONS WITH ESTATE CREDITORS IS IRRELEVANT**

The Trustee argues that there were discussions that the Trustee and his counsel had with creditors of the estate about a possible settlement with LCG, and LCG refused to allow documents to be provided to creditors. This has nothing to do with the RCC Arbitration or the Trustee's obligation to comply with the Arbitration Orders.

**E. MEDIATION IS IRRELEVANT**

The Trustee argues that since November 2025 he has been trying to mediate this dispute. In view of his present concession that his claims were doomed to fail, this is not surprising. But, again, it is irrelevant to the present motion. Defendants ***exclude from the period of the Trustee's***

***noncompliance*** with the Arbitration Orders that limited time during which the Parties attempted mediation, from approximately November 2025 through March 18, 2026. (See Motion, at Footnote 1.) The problem here is that both before that mediation and in the many months following it, the Trustee has continued to refuse to move forward with the RCC Arbitration as required by the Arbitration Orders.

**III.**

**CONCLUSION**

**WHEREFORE**, LCG and Polter respectfully request that the Court enter an order:

(1) granting this Motion;

(2) compelling the Trustee to participate in the Arbitration before the RCC pursuant to the Arbitration Orders and as provided in Section II. B. 5(a) – (e) of the Motion;

(3) issuing an Order to Show Cause why the Trustee should not be held in contempt of the Arbitration Orders and imposing sanctions if a contempt finding is made; and

(4) granting such other and further relief as the Court deems just and appropriate.

DATED: September 1, 2026 LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P

By: [signature]
BETH ANN R. YOUNG
Attorneys for Defendants Life Capital Group, LLC and Jonathan Polter

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled: **Defendants Life Capital Group, LLC And Jonathan Polter's Reply Memorandum Of Points And Authorities In Support Of Their Motion To Compel Liquidating Trustee's Compliance With Arbitration Orders [Adv. Dkts. 91 And 92] And For Issuance Of An Order To Show Cause Why Bradley D. Sharp, Liquidating Trustee, Should Not Be Held In Contempt Of The Court's Arbitration Orders And Why Sanctions Should Not Be Imposed** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 1, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael G D'Alba mgd@lnbyg.com
- Jeffrey W Dulberg jdulberg@pszjlaw.com
- M. Jonathan Hayes jhayes@rhmfirm.com, matt@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;sloan@rhmfirm.com
- Matthew A Lesnick matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com;porpe@lesnickprince.com
- John W Lucas jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Lisa Patel lpatel@lesnickprince.com, jmack@lesnickprince.com;porpe@lesnickprince.com;lpatel@ecf.courtdrive.com
- Matthew D. Resnik matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;lesley@rhmfirm.com
- Bradley D. Sharp (TR) bsharp@dsi.biz
- Nikko Salvatore Stevens nikko@cym.law, eService@cym.law,karen@cym.law,sarah@cym.law,grace@cym.law,kate@cym.law
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Beth Ann R. Young bry@lnbyg.com, bry@lnbyb.com

**2. SERVED BY UNITED STATES MAIL**: On **September 1, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service list attached

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 1, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 1, 2026 | Rebecka Merritt | */s/ Rebecka Merritt* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |